## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA for the Use and Benefit of AMERICAN BUILDERS & CONTRACTORS SUPPLY COMPANY, INC. d/b/a ABC Supply Company, | ) ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. CIV-23-273-PRW |
| PENN CONSTRUCTION GROUP, INC.; KORTE CONSTRUCTION COMPANY d/b/a The Korte Company; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; and OLD REPUBLIC SURETY COMPANY, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Plaintiff American Builders & Contractors Supply Company, Inc.'s ("ABC") Motion for Summary Judgement (Dkt. 44), and Defendants Penn Construction Group, Inc. ("Penn") and Old Republic Surety Company's ("Old Republic") Motion for Partial Summary Judgement as to Penn and Summary Judgment as to Old Republic (Dkt. 47). For the reasons discussed below, Plaintiff ABC's Motion for Summary Judgment (Dkt. 44) is **DENIED**; and Defendants Penn and Old Republic's Motion for Partial Summary Judgment as to Penn and Summary Judgment as to Old Republic (Dkt. 47) is **GRANTED**.

1

*Background*[1]

Defendant Korte Construction Company ("Korte") is a general contractor for two government contracts for Tinker Air Force Base, one contract for a hangar referred to as the "Fuels Hangar" and one contract for a hangar referred to as the "Depot Maintenance Hangar." Korte hired Defendant Penn as a subcontractor for work on each contract. As required by the Miller Act,[2] Korte obtained surety bonds for the contracts. Penn also obtained a non-Miller Act bond specifically referencing the Depot Maintenance Hangar in the amount of $4,329,978.84, furnished by Defendant Old Republic.

Plaintiff ABC is a materials supply company. Penn opened a single account with ABC to obtain materials for its work on both hangars. Penn purchased the materials on credit with ABC. Throughout the duration of the projects, a total of $821,520.52 worth of materials was delivered from ABC to Penn and charged onto the single account.

Four payments towards the account balance were made to ABC. As ABC received the payments, it either credited them towards a specific invoice if specified with remittance of the payment, or if none was specified, towards the oldest outstanding invoice. Upon receipt of the final payment received by ABC from Korte and Penn—a check for $254,302.68 dated March 10, 2022—ABC's agent, Paula Gartner, executed a document titled Partial Waiver of Lien and Release of Claims.[3] At the time of the execution of the Partial Waiver of Lien and Release of Claims, there was an outstanding balance of

---

[1] This section is based on the undisputed facts as described in the parties' briefs.

[2] *See* 40 U.S.C. § 3131.

[3] Ex. 10 (Dkt. 44-10).

$333,250.47 on Penn's account with ABC. ABC attempted to further collect payment on the account, and Penn refused to remit any additional payment.

This lawsuit followed. Plaintiff's causes of action are: (1) default under an open account against Penn; (2) a claim for payment against the Travelers Payment Bond; and (3) a claim for payment against the Old Republic Payment Bond. Plaintiff ABC and Defendants Korte and Travelers have settled their claims, leaving only ABC's claims against Penn and Old Republic. Plaintiff ABC filed a Motion for Summary Judgment (Dkt. 44), and Defendants Penn and Old Republic filed a Motion for Partial Summary Judgment as to Penn and a Motion for Summary Judgment as to Old Republic (Dkt. 47). The cross-motions are fully briefed and ripe for adjudication.

### *Legal Standard*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] A genuine dispute exists if a reasonable juror could return a verdict for either party.[5] A fact is material if it "might affect the outcome of the suit under the governing law."[6] In considering a motion for summary judgment, a court must view all facts and reasonable inferences in the light most favorable to the nonmovant.[7] Summary judgment is appropriate

---

[4] Fed. R. Civ. P. 56(a).

[5] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[6] *Id.*

[7] *Id.*

when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[8]

*Analysis*

The resolution of both Motions ultimately turns on the interpretation of the Partial Waiver of Lien and Release of Claims (the "Partial Waiver") executed by ABC's agent, Paula Gartner. ABC argues in its Motion that the Partial Waiver only waived its claims for the invoices that ABC credited using the check given in consideration of the Partial Waiver, so none of its claims as to the outstanding invoices for the remaining balance of $333,250.47 have been waived. Thus, Penn is in default for this amount and Old Republic is also liable as Penn's bond provider, entitling ABC to summary judgement on these claims.[9] Alternatively, Penn and Old Republic argue in their cross-motion for summary judgment that the Partial Waiver bars all of ABC's claims relating to the Depot Maintenance Hangar, so ABC's claim against Penn has been waived to the extent that it rests on invoices associated with the Depot Maintenance Hangar, and ABC's claim against Old Republic has been waived in its entirety as Old Republic only provided the bond for the Depot Maintenance Hangar contract.[10] Thus, Penn and Old Republic are entitled to partial summary judgment and summary judgement, respectively.

---

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[9] Pl.'s Mot. Summ. J. (Dkt. 44), at 8–13.

[10] Defs.' Mot. Summ. J. (Dkt. 47), at 7.

Because "release provisions are contractual," rules of contract interpretation apply to discern their meaning.[11] Under Oklahoma law,[12] "[t]he primary goal of contract interpretation is to determine and give effect to the intention of the parties at the time the contract was made."[13] In making this determination, "[t]he language of a contract is to govern its interpretation" so long as "the language is clear and explicit, and does not involve an absurdity."[14] Whether a contract is ambiguous is a question of law for the Court.[15]

A contract is ambiguous under Oklahoma law if "reasonably susceptible of more than one interpretation."[16] "The dispositive factor in our analysis is not whether the parties disagree or inequity results, but whether an examination of the entire agreement reveals more than one reasonable interpretation."[17] If a contract is ambiguous, then a court can

---

[11] *Kay Pharmacal Co. v. Dalious Const. Co.*, 276 P.2d 756, 758 (Okla. 1954); *Corbett v. Combined Commc'ns Corp. of Okla., Inc.*, 654 P.2d 616, 617 (Okla. 1982) (citing *Van Horn Drug Co. v. Noland*, 323 P.2d 366 (Okla. 1958)).

[12] *See Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th Cir. 1994) ("A federal court sitting in diversity applies the substantive law . . . of the forum state."); *Gamble, Simmons & Co. v. Kerr-McGee Corp.*, 175 F.3d 762, 767 (10th Cir. 1999) (citing *Bohannan v. Allstate Ins. Co.*, 820 P.2d 787, 793 (Okla. 1991) and Okla Stat. tit. 15, § 162).

[13] *Bank of Wichitas v. Ledford*, 151 P.3d 103, 111 (Okla. 2006) (citing *Oxley v. Gen. Atl. Res., Inc.*, 936 P.2d 943, 945 (Okla. 1997) and *Amoco Prod. Co. v. Lindley*, 609 P.2d 733, 741 (Okla. 1980)).

[14] Okla. Stat. tit. 15, § 154.

[15] *Corbett*, 654 P.2d at 617 (citing *Panhandle Co-op. Royalty Co. v. Cunningham*, 495 P.2d 108 (Okla. 1971)).

[16] *Gamble, Simmons & Co.*, 175 F.3d at 767 (quoting *Williams v. Shearson Lehman Bros., Inc.*, 917 P.2d 998, 1004 (Okla. Ct. App. 1996)).

[17] *Id.* (citing *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1545 (10th Cir. 1988)).

"resort to extrinsic evidence . . . to construe the agreement."[18] If a contract is unambiguous, however, "its language is the only legitimate evidence of what the parties intended,"[19] and "that which stands expressed within its four corners must be given effect."[20] An unambiguous contract's interpretation is a matter of law for the Court.[21]

Both parties argue that the Partial Waiver is unambiguous, but each advance a different interpretation. ABC argues that the Partial Waiver clearly only applies to some of its claims, namely the ones that were paid for with the check remitted in consideration of the waiver.[22] Penn and Old Republic, on the other hand, argue that the Partial Waiver clearly waived all of ABC's claims for payment owed for materials supplied in connection with the Depot Maintenance Hangar.[23]

In determining whether the release is ambiguous, the Court must look to the document as a whole and give the language used its ordinary meaning.[24] The release at issue is titled "Partial Waiver of Lien and Release of Claims."[25] It lists the job number as

---

[18] *Id.* (citing *Pierce Couch Hendrickson Baysinger & Greene v. Freede*, 936 P.2d 906, 912 (Okla. 1997)).

[19] *Bank of Oklahoma, N.A. v. Red Arrow Marina Sales & Serv., Inc.*, 224 P.3d 685, 699 (Okla. 2009) (citations omitted); Okla. Stat. tit. 15, § 155.

[20] *May v. Mid-Century Ins. Co.*, 151 P.3d 132, 140 (Okla. 2006) (citing *Littlefield v. State Farm Fire & Cas. Co.*, 857 P.2d 65, 69 (Okla. 1993) and *Penley v. Gulf Ins. Co.*, 414 P.2d 305, 308 (Okla. 1966)).

[21] *Corbett*, 654 P.2d at 617 (citing *Van Horn Drug. Co. v. Noland*, 323 P.2d 366 (Okla. 1958)).

[22] Pl.'s Mot. Summ. J. (Dkt. 44), at 12–13; Pl.'s Resp. (Dkt. 59), at 10–12.

[23] Defs.' Mot. Summ. J. (Dkt. 47), at 8–9

[24] Okla. Stat. tit. 15, §§ 157, 160. *See Gamble, Simmons & Co.*, 175 F.3d at 767–68.

[25] Ex. 10 (Dkt. 44-10).

"#30303 COE KC-46A Depot Maintenance Hangar." It further states that ABC "has been employed by Penn Construction Group for Labor, Erection Labor, Supplies, Materials, or equipment," "[f]or the premises known as: COE KC-46A Depot Maintenance Hangar," "[l]ocated on the real property at Tinker AFB, OK." And as relevant here, the text of the document states:

> The undersigned, for and in consideration of the dollar amount shown below and other good and valuable consideration do(es) hereby waive and release under the mechanics' lien statutes where the project premises are located, and under all other applicable state and federal laws . . . any and all demands, claims and rights for unjust enrichment or against any payment bond or other bond, if any, provided in connection with the project, on account of the above-mentioned labor, services, materials, fixtures, equipment, apparatus, and work . . . furnished by or on behalf of the undersigned for or in connection with the above-described project.

The document lists a check number, date, and amount. And finally, it was signed by Paula Gartner and notarized on April 19, 2022.

The Court finds that the Partial Waiver is unambiguous, and its clear meaning is the interpretation advanced by Defendants. The Partial Waiver clearly and unambiguously states that it applies to "*any and all*" claims stemming from the "above-mentioned labor, services, materials, fixtures, equipment, apparatus, and work," which is described as "labor, erection labor, supplies, materials, or equipment," associated with the above-described project, listed as the COE KC-46A Depot Maintenance Hangar. Because the Partial Waiver is unambiguous on its face, extrinsic evidence cannot be considered.[26]

---

[26] *See Gamble, Simmons & Co.*, 175 F.3d at 767.

In response to Penn and Old Republic's suggested interpretation of the Partial

Waiver, ABC argues that the word "partial" in the title of the document requires a different

interpretation.[27] But the inclusion of the word "partial" in the title of the document is

entirely consistent with the language of the remainder of the document and does not result

in an absurdity.[28] It clearly states that any and all claims related to the "above-mentioned

labor, services, materials, fixtures, equipment, apparatus, and work" for the "above-

mentioned project" are waived. Claims for anything not listed or for any other project have

not been waived. And even if the language of the release and the title of the document

could be construed as contradictory, this interpretation gives effect to both provisions in a

manner that makes them consistent with one another.[29]

ABC's suggested interpretation that the release clearly only applies to the invoices

that it used the check provided in consideration of the Partial Waiver to credit is

inconsistent with the clear language included in the Partial Waiver. The Partial Waiver

specifically notes that it waives "*any and all* demands, claims and rights for unjust

enrichment[.]" This language cannot be read to have intended to only release *some* of the

---

[27] Pl.'s Resp. (Dkt. 59), at 12; Pl.'s Mot. Summ. J. (Dkt. 44), at 12–13.

[28] *See* Okla. Stat. tit. 15, § 157 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others."); Okla. Stat. tit. 15, § 154.

[29] *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1015 (10th Cir. 2018) (quoting *Sullivan v. Gray*, 78 P.2d 688, 690 (1938) and citing Okla. Stat. tit. 15, § 157); *Walker v. Telex Corp.*, 583 P.2d 482, 485 (Okla. 1978) ("If an ambiguity arises by reason of the language used and not because of extrinsic facts, construction of the contract remains a question of law for the court." (citing *Paclawski v. Bristol Lab'ys, Inc.*, 425 P.2d 452, 456 (1976))).

claims for materials supplied in connection with the Depot Maintenance Hangar pre-dating

the check and release's execution, nor can it be read to have intended to specifically limit

which invoices or materials it applied to. ABC failed to include limiting language within

the terms of the release, and the Court cannot read such terms into the release now.[30] Per

the Partial Waiver's clear and unambiguous terms, it was executed in consideration for the

check totaling $254,302.68 and waived *any and all* claims predating its execution for the

enumerated categories in connection with the Depot Maintenance Hangar project.[31]

Applying the release here, ABC's claim for payment against the Old Republic bond

has been waived entirely. It is undisputed that Old Republic solely furnished a bond for the

Depot Maintenance Hangar project. It is also undisputed that ABC is seeking payment for

materials. Because Old Republic could only be liable for payment of materials associated

with the Depot Maintenance Hangar, and ABC has waived its claims stemming from

materials associated with the Depot Maintenance Hangar, Old Republic is entitled to

---

[30] *Husky Ventures, Inc.*, 911 F.3d at 1015 (citing *Dismuke v. Cseh*, 830 P.2d 188, 190 (Okla. 1992)).

[31] *See Galin Corp. v. MCI Telecomms. Corp.*, 12 F.3d 465, 468–69 (5th Cir. 1994) (interpreting similar releases under New York law); *Addicks Servs., Inc. v. GGP-Bridgeland, LP*, 596 F.3d 286, 294–97 (5th Cir. 2010) (interpreting a similar release under Texas law); *Artistic Stone Crafters v. Safeco Ins. Co.*, 726 F. Supp. 2d 595, 601–02 (E.D. Va. 2010) (interpreting a similar release under Virginia law); *United States v. Hartford Accident & Indem. Co.*, 168 F. Supp. 3d 824, 832–34 (D. Md. 2016) (interpreting a similar release under Maryland law). *See also Cleveland v. Dyn-A-Mite Pest Control, Inc.*, 57 P.3d 119, 128 (Okla. Civ. App. 2002) (explaining that a release "is a present abandonment of a known right," and will not be construed to waive claims not known by the parties at the time of its execution (citations omitted)).

summary judgment on this claim. Accordingly, ABC's Motion for Summary Judgment on this claim must be denied.

As to ABC's open account claim against Penn, ABC is seeking payment from Penn for an unpaid balance for materials and other associated costs stemming from both the Depot Maintenance Hangar and the Fuels Hangar. To the extent that ABC seeks payment for materials and associated costs stemming from the Depot Maintenance Hangar, that claim has been waived as explained above. Thus, Penn is entitled to partial summary judgment on ABC's open account claim. As such, ABC's Motion for Summary Judgment on this claim must be denied. All that remains of ABC's open account claim is the balance attributable to the Fuels Hangar. But there is a genuine dispute of material fact as to how much of the balance is attributable to each hangar. For this reason, summary judgment for ABC on the remainder of the claim is not appropriate.

### *Conclusion*

For the reasons discussed above, Plaintiff ABC's Motion for Summary Judgment (Dkt. 44) is **DENIED**; and Defendants Penn and Old Republic's Motion for Partial Summary Judgment as to Penn and Summary Judgment as to Old Republic (Dkt. 47) is **GRANTED**.

**IT IS SO ORDERED** this 24th day of October 2024.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE